IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARTINEZA DEWAN McCALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | CASE NO. 2:19-cv-481-MHT-JTA |
| v. ) | |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Martineza Dewan McCall is before the Court on a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Docs. 1, 13, 14.)[1] For the reasons that follow, the Court recommends that McCall's § 2255 motion be denied without an evidentiary hearing and this case be dismissed with prejudice.

### I.  BACKGROUND

**A.  Guilty Plea and Sentencing**

On March 14, 2018, McCall was indicted for possession with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 6-1.) On April 2, 2018, the government filed notice under 21 U.S.C. § 851 of its intent to show that McCall was subject to enhancement

---

[1] References to document numbers assigned by the Clerk of Court are designated as "Doc." Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

of his sentence to a minimum of 10 years' imprisonment, as provided in 21 U.S.C. § 841(b)(1)(B), based on his prior felony drug offense convictions.[2] (Doc. 7-1 at 2–3.)

On April 27, 2018, McCall pled guilty pursuant to a plea agreement to the charge in the indictment. (Docs. 6-3, 6-8.) In exchange for McCall's plea, the government agreed to recommend the statutory minimum sentence of 10 years' imprisonment. (Doc. 6-3 at 3.) As part of the plea agreement, McCall specifically admitted that the government's § 851 notice was valid and that his sentence would be no less than the 10-year minimum provided in § 841(b)(1)(B). (Doc. 6-3 at 4.) The plea agreement also contained an appeal/post-conviction waiver with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct. (Doc. 6-3 at 7–8.)

After a sentencing hearing on September 18, 2018, the district court sentenced McCall to 120 months (10 years) in prison, i.e., the statutory minimum under § 841(b)(1)(B). (Doc. 6-6 at 3; Doc. 6-7.) The district court entered its judgment on October 5, 2018. (Doc. 6-6 at 2.) McCall did not file a direct appeal.

**B.    McCall's § 2255 Motion and Amendments**

On June 25, 2019, McCall initiated this action, proceeding *pro se*, by filing a motion under 28 U.S.C. § 2255 presenting claims that his 120-month sentence is illegal because (1) the government did not file the required § 851 notice, and (2) his two prior felony drug

---

[2] A defendant convicted of violating 21 U.S.C. § 841(a)(1) is subject to a sentence enhancement for prior felony drug offense convictions if, before trial or a guilty plea, the government files an information under 21 U.S.C. § 851 giving written notice of the prior convictions to be relied upon. Section 841(b)(1)(B) provides for enhancement of a defendant's sentence to a mandatory minimum term of not less than 10 years' imprisonment if he committed the violation of § 841(a)(1) after a prior conviction for a felony drug offense.

offense convictions did not qualify for use in applying the statutory enhancement in § 841(b)(1)(B). (Doc. 1 at 4.)

On August 8, 2019 and September 30, 2019, McCall filed motions in his criminal case styled as "Motion[s] for Appointment of Counsel for Re-sentencing."[3] (Docs. 13, 14.) The Court construed the motions to contain amendments to McCall's § 2255 motion, and on October 17, 2019, the amendments were docketed in the § 2255 case. In his amendments, McCall asserts claims that (1) he should have received a sentence reduction for acceptance of responsibility (Doc. 13 at 3–4); (2) his counsel was ineffective for failing to tell the prosecutor that the § 851 notice in his case violated DOJ policy (Doc. 13 at 2; Doc. 14 at 2–3); and (3) his counsel was ineffective for failing to seek a sentencing continuance until passage of the First Step Act (Doc. 13 at 4–5; Doc. 14 at 4).[4]

**C.    Legal Standard**

The grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. *See also McKay v. United States*, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional

---

[3] Criminal Case No. 2:18-cr-95-MHT.

[4] In June 2020, approximately a year after McCall initiated this § 2255 action, the district court granted McCall's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) upon finding that "extraordinary and compelling reasons" existed to reduce McCall's sentence to time served. *United States v. McCall*, 465 F. Supp. 3d 1201, 1203 (M.D. Ala. 2020); *see* Criminal Case No. 2:18-cr-95-MHT.

rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). If a court determines a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The petitioner bears the burden to establish that vacatur of the conviction or sentence is required. *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

## II.  DISCUSSION

### A.    § 851 Notice and § 841(b)(1)(B) Enhancement

In his § 2255 motion, McCall presents claims that (1) the government failed to file the required § 851 notice in his case, and (2) his two prior felony drug offense convictions did not qualify for use in applying the statutory enhancement in § 841(b)(1)(B). (Doc. 1 at 4.) The government argues that McCall's claims are barred by the waiver provision in his plea agreement and that they also lack merit.

#### 1.    Collateral-Attack Waiver

McCall's written plea agreement contained the following waiver provision:

> The Defendant's Waiver of Appeal and Collateral Attack
>
> Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence

> on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

(Doc. 6-3 at 8.)

An appeal waiver or collateral-attack waiver is valid if entered knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350–55 (11th Cir. 1993). *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

The transcript of McCall's guilty plea hearing shows that the magistrate judge questioned him about the waiver provision in his plea agreement and confirmed he understood he was waiving his rights to later challenge his conviction or sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. (Doc. 6-8 at 9–10.) Thus, the record shows that McCall's collateral-attack waiver was knowing and voluntary. *See Bushert*, 997 F.2d at 1351. Neither of McCall's § 2255 claims—that the government failed to file a § 851 notice and that his prior felony drug offense convictions did not qualify for use in the § 841(b)(1)(B) enhancement—falls under the waiver's exception for claims of ineffective assistance of counsel and prosecutorial misconduct. Consequently, McCall's § 2255 claims are barred by the waiver.

### 2. Merits of § 851 Notice and Sentence Enhancement Claims

Even if McCall's claims about the alleged lack of § 851 notice and use of his prior convictions for § 841(b)(1)(B) enhancement are not barred by the waiver in his plea agreement, they entitle him to no relief because they lack merit.

a. § 851 Notice

McCall's claims notwithstanding, the record shows that the government, on April 2, 2018, filed notice under § 851 of its intent to prove McCall was subject to § 841(b)(1)(B)'s enhanced 10-year minimum based on his prior Alabama felony drug offense convictions, specifically, a 2001 conviction for possession of marijuana in the first degree and a 2007 conviction for possession of a controlled substance. (Doc. 7-1 at 2–3.) This filing happened 25 days before McCall entered his guilty plea. The government's timely filing of the § 851 notice was also referenced in McCall's plea agreement (Doc. 6-3 at 4), at his guilty plea colloquy (Doc. 6-8 at 13), in his trial counsel's sentencing memorandum (Doc. 7-3 at 5), and in the sentencing transcript (Doc. 6-7 at 4–5). There is no merit, then, to McCall's claim that the government failed to file the required § 851 notice.

b. Prior Felony Drug Offense Convictions

McCall argues that neither of his two previous felony drug offense convictions qualified as a predicate for the § 841(b)(1)(B) enhancement. (Doc. 1 at 4.)

McCall pled guilty to possession with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). At the time of McCall's plea and sentencing, a defendant convicted of

6

that offense after having previously been convicted of a felony drug offense was subject to enhanced sentencing under § 841(b)(1)(B) to a mandatory minimum term of not less than 10 years' imprisonment. *See* 21 U.S.C § 841(b)(1)(B)(iii). "Felony drug offense" is defined at 21 U.S.C. § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." Under § 802(44), if a state drug offense is punishable by more than one year in prison, whether or not the actual sentence exceeds one year, it qualifies as a "felony drug offense" for purposes of § 841(b)(1)(B). *See Burgess v. United States*, 553 U.S. 124, 127 (2008) (holding that the definition of "felony drug offense" under § 802(44) is a term of art that includes all drug offenses punishable by more than one year of imprisonment); *see also, e.g., Means v. Adduci*, 2016 WL 4059708, at *5 (N.D. Ala. July 5, 2016). Accordingly, the mandatory minimum 10-year sentence under § 841(b)(1)(B) applies if (i) McCall had at least one prior conviction that was a felony offense, i.e., punishable by one year or more of incarceration, and (ii) the offense restricted conduct related to a controlled substance.

One of the two prior felony drug offense convictions relied upon for the § 841(b)(1)(B) enhancement was McCall's 2001 conviction for possession of marijuana in the first degree (for other than personal use) in the Circuit Court of Montgomery County, Alabama. (Doc. 7-1 at 2.) Alabama law states that this offense is a Class C felony, punishable by up to 10 years in prison. *See* ALA. CODE §§ 13A-12-213, 13A-5-6(a)(3). Moreover, this offense prohibits or restricts conduct relating to narcotics. *See United States*

7

*v. White*, 837 F.3d 1225, 1230 (11th Cir. 2016); *United States v. Goodlow*, 389 F. App'x 961, 968 (11th Cir. 2010).

The other prior felony drug offense conviction relied upon for the § 841(b)(1)(B) enhancement was McCall's 2007 conviction for possession of a controlled substance in the Circuit Court of Montgomery County, Alabama. (Doc. 7-1 at 2.) Alabama law states that this offense is a Class D felony, punishable by up to 5 years in prison. ALA. CODE §§ 13A-12-212, 13A-5-6(a)(4). This offense prohibits or restricts conduct relating to narcotics. *See United States v. Garrett*, 292 F. App'x 3, 7 (11th Cir. 2008) (defendant's conviction for possession of a controlled substance under ALA. CODE § 13A-12-212 is a felony drug offense, noting that "we have held that felony drug offenses are not limited to distribution-only crimes"); *United States v. Westry*, 524 F.3d 1198, 1220 n.12 (11th Cir. 2008) (per curiam).

Thus, both of McCall's prior felony drug offense convictions listed in the § 851 notice qualified him for the § 841(b)(1)(B) enhancement.[5] He is not entitled to § 2255 relief.

**B.   Claims in McCall's Amendments**

On August 8, 2019 and September 30, 2019, McCall filed motions that this Court construed as amendments to his § 2255 motion. (Docs. 13, 14.) Although, the government argues that McCall's amendments are untimely (*see* Doc. 18 at 2–8), the record reflects

---

[5] One such prior qualifying felony drug offense conviction was all that was required to trigger application of the § 841(b)(1)(B) enhancement.

that his amendments were filed before expiration of the one-year limitation period in 28 U.S.C. § 2255(f). However, as discussed below, the Court finds the government correctly argues that even if McCall's amended claims are not time-barred, they should be denied on the merits.

### 1. Reduction for Acceptance of Responsibility

McCall claims he should have received a three-point reduction in his offense level under U.S.S.G. §§ 3E1.1(a) and (b). (Doc. 13 at 3–4.)

The record reflects that McCall was given credit for the three-point reduction for acceptance of responsibility in the calculation of his sentencing guideline range in the presentence investigation report ("PSR"). (Doc. 7-2 at 7–8.) When sentencing McCall, the district court adopted the findings in the PSR, including the acceptance-of-responsibility reduction. (Doc. 6-7 at 21.) However, the statutory minimum term McCall was subject to because of the § 841(b)(1)(B) enhancement was 120 months (10 years) in prison, well above McCall's calculated guideline range of 63 to 78 months in prison. *See* Doc. 6-7 at 14. Therefore, McCall's sentence was driven by the mandatory statutory minimum, not by his guidelines calculation. The district court sentenced McCall to the 120-month statutory minimum, even though McCall was given credit for acceptance of responsibility in his guidelines calculation. Consequently, McCall's present claim about a reduction for acceptance of responsibility lacks merit.

### 2. Ineffective Assistance:  § 851 Notice and DOJ Policy

McCall claims his counsel was ineffective for failing to tell the prosecutor that filing a § 851 notice in his case violated DOJ policy. (Doc. 13 at 2; Doc. 14 at 2–3.)

9

McCall references a memorandum issued by then Attorney General Eric Holder on September 24, 2014. *See* Doc. 18-2. That memorandum contained guidance cautioning federal prosecutors against using § 851 notices to influence plea negotiations and instructs prosecutors not to wait until plea negotiations have begun to file such notices. *Id*. To that end, the memorandum encourages prosecutors to "make the § 851 determination at the time the case is charged, or as soon as possible thereafter." *Id*.

McCall fails to demonstrate that the government violated the directives in the Holder memorandum. The § 851 notice in McCall's case was filed on April 2, 2018—only four days after the March 29, 2018 unsealing of his indictment. Doc. 8-3 at 1. Thus, the § 851 notice was filed shortly after his case was opened and available for filing such a notice. McCall presents no evidence that prosecutors filed the § 851 notice to influence plea negotiations. Based on the record, there was no apparent reason for McCall's counsel to tell the prosecutor he was violating DOJ policy by filing the § 851 notice.

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland,* 466 U.S. at 687. Once a court decides that one of the requisite

showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

Here, McCall fails in his burden to establish both deficient performance and prejudice. Therefore, he is entitled to no relief on this claim.

### 3.     Ineffective Assistance:  Sentencing Continuance for First Step Act

McCall claims his trial counsel was ineffective for failing to seek a continuance of his sentencing until after passage of the First Step Act. (Doc. 13 at 4–5; Doc. 14 at 4.) According to McCall, under the First Step Act, his prior felony drug offense convictions would not have qualified for use to apply the § 841(b)(1)(B) enhancement.[6] (Doc. 13 at 4; Doc. 14 at 4.)

McCall was sentenced on September 18, 2018. The First Step Act was passed in a draft version on May 22, 2018. The final version of the First Step Act was not passed until December 20, 2018—three months after McCall's sentencing. Draft versions of proposed laws are passed routinely, and they may or may not come to fruition as new laws. It is not deficient for an attorney to fail to ask the court for a continuance based on a potential new law that, in fact, was not passed for some three months after sentencing. McCall's counsel

---

[6] When McCall was sentenced, the prior conviction enhancement in § 841(b)(1)(B) applied where a defendant had a prior "felony drug offense" conviction. The First Step Act of 2018, Pub. L. No. 115-391, § 401, enacted on December 20, 2018, amended the prior conviction enhancement to apply only where a defendant has a prior "serious drug felony" conviction for which the defendant <u>served</u> at least one year of incarceration. *See* 21 U.S.C. § 802(57)(A). The term "serious drug felony" means an offense described in 18 U.S.C. § 924(e)(2). *See* 21 U.S.C. § 802(57)(A). Section § 924(e)(2) states, in part, that a "serious drug offense" means "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(ii).

could not have known whether the law would pass. Nor could counsel have known what the law would say if it was passed.

In *Spaziano v. Singletary*, 36 F.3d 1028 (11th Cir. 1994), the Eleventh Circuit reiterated: "We have held many times that 'reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.'" 36 F.3d at 1039. It would be unreasonable to require attorneys to predict the future, as McCall suggests his counsel was obligated to do. McCall has failed in his burden to establish both deficient performance and prejudice regarding this claim. Therefore, he is entitled to no relief on this claim of ineffective assistance of counsel.

The Court takes note here that McCall's § 2255 motion has essentially been rendered moot, because in June 2020, the district court granted McCall's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) after finding "extraordinary and compelling reasons" existed to reduce McCall's sentence to time served. *United States v. McCall,* 465 F. Supp. 3d 1201, 1203 (M.D. Ala. 2020). In reducing McCall's sentence to time served, the district court noted that, had McCall been sentenced just three months later (after enactment of the First Step Act), the § 841(b)(1)(B) enhancement would not have applied to him because it does not appear from McCall's PSR that he served one year of incarceration on either of his relevant prior convictions. 465 F. Supp. 3d at 1210–11.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion filed by McCall be DENIED and this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before **August 2, 2022.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 18th day of July, 2022.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE